UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JANET MAVIS MARCUSSE,

     Movant,

v.

     File No. 1:09-CV-913

     HON. ROBERT HOLMES BELL

UNITED STATES OF AMERICA,

     Respondent.
                                          /

## **MEMORANDUM OPINION AND ORDER**

Movant Janet Mavis Marcusse has filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct her sentence. (Dkt. No. 1.) This matter is before the Court on Movant's motion to compel production of trial exhibits (Dkt. No. 2), motions for extension of time to file a brief in support of her § 2255 motion (Dkt. Nos. 4, 8), and motion to compel discovery of *Brady* and Jencks Act materials (Dkt. No. 5).

The Court will grant, in part, Movant's motions for extension of time to file a brief in support of her § 2255 motion. Movant's first motion for extension of time, filed in October of 2009, requests an additional ninety days' to file a brief in support of her § 2255 motion. Movant's second motion for extension of time, filed on January 4, 2010, requests another ninety days, based on her assertion that the IRS "is in the process of providing

1

additional documents and things, which directly bear on the issues submitted for review . . . ." (Dkt. No. 8.) The Court will grant Movant an additional thirty days to file her brief in support of the claims raised in her § 2255 motion. If no memorandum is filed in that time, the Court may proceed to evaluate her motion pursuant to the Rules Governing Section 2255 Proceedings. The Court does not address at this time whether any of Movant's claims are timely and/or properly filed.

The Court will deny Movant's motions for discovery and for production of documents. Under Rule 6 of the Rules Governing Section 2255 Proceedings, a judge may "*for good cause*, authorize a party to conduct discovery . . . ." Movant can satisfy the good-cause standard by showing "specific allegations [that] show reason to believe that [Movant] may, if the facts are fully developed, be able to demonstrate that [she] is . . . entitled to relief . . . ." *Bracy v. Gramley*, 520 U.S. 899, 909 (1997). Movant has not shown good cause to merit discovery of the materials that she requests. Movant contends in her first motion that the prosecution improperly "tampered" with exhibits, but she does not provide any "specific allegations" supporting this contention in her motion.

Movant's second motion generally requests production of the detailed evidence and records supporting the government's "summary" exhibits and the testimony of its witnesses regarding the disposition and amounts of funds received by Movant and her co-conspirators in connection with their criminal scheme, including: lists of investors and bank accounts, copies of wire transfers and checks, etc. (Dkt. No. 5, Mot. to Compel Discovery 5-9.)

Movant was convicted of multiple counts of mail fraud, money laundering and conspiracy to commit the foregoing. (File No. 1:04-CR-165, Dkt. No. 558, J.) The government contended that Movant was involved in a kind of "Ponzi scheme" such that money was received from investors and deposited in private bank accounts rather than put to use as legitimate investments. Movant argues that the government's witness and summary evidence relied upon a "restrictive and deceptive" definition of investments, "limited to that of a 'prime bank instrument'" only, and that evidence relying on this definition constitutes "falsified evidence" and "perjury." (*Id.* at 2,5.) However, Movant's disagreement with the government's definition, and the conclusions drawn by its witness on the basis of that definition, does not tend to show that the government knowingly offered false or perjured testimony. Indeed, Movant notes that the witness disclosed his definition of investment as part of his trial testimony. (*Id.* at 2.)

Movant also argues that the government must provide "competent breakdowns . . . to support every dollar" of its arguments made at her criminal trial. (*Id.* at 8.) Movant's motion contains numerous requests for production of evidence and for responses from the government, such as an explanation of alleged discrepancies in the evidence, proof of service, disclosure of fees paid to informants, proof of oaths of office, etc., as well as a general request for "Jencks materials" related to a list of individuals set forth in her motion. (*Id.* at 11-16.) However, the Court cannot discern the basis or necessity for these requests at this stage of the proceedings in light of Movant's claims that are properly the subject of

3

a § 2255 motion. To the extent Movant claims that the evidence presented at trial was not sufficient to support her conviction, such a claim is not cognizable in a § 2255 motion. *Jaramillo v. United States*, Nos. 98-5404, 98-5584, 1999 WL 646026, at *3 (6th Cir. Aug. 13, 1999) (unpublished) (citing *United States v. Osborn*, 415 F.3d 1021, 1024 (6th Cir. 1969)). To the extent Movant claims she was improperly denied a right to examine statements required to be disclosed under the Jencks Act, 18 U.S.C. § 3500, the factual basis for such a claim can be established without resort to discovery of the underlying statements. To the extent Movant contends that the government improperly withheld favorable evidence unknown to the defense during trial, *see United States v. Bagley*, 473 U.S. 667, 678 (1985), her speculation that such evidence may exist is insufficient to merit discovery, much less the wide-ranging discovery that she requests.

Accordingly,

**IT IS HEREBY ORDERED** that Movant's motions for extension of time to file a brief in support of her § 2255 motion (Dkt. Nos. 4, 8) are **GRANTED IN PART**. Movant shall have thirty (30) days from the date of this opinion and order to file a brief in support of the claims raised in her § 2255 motion.

**IT IS FURTHER ORDERED** that Movant's motions to compel discovery and for production of trial exhibits (Dkt. Nos. 2, 5) are **DENIED**.


Dated: January 7, 2010 /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE