UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JANET MAVIS MARCUSSE,

        Movant,

                                     File No. 1:09-CV-913

v.

                                     HON. ROBERT HOLMES BELL

UNITED STATES OF AMERICA,

        Respondent.

_____/

## O P I N I O N

This matter is before the Court on Movant Janet Mavis Marcusse's motion pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct her sentence. (1:09-CV-913, Dkt. No. 1). Movant was indicted on October 27, 2004, on the following charges: (1) mail fraud, in violation of 18 U.S.C. § 1341; (2) conspiracy to commit mail fraud, in violation of 18 U.S.C. § 371; (3) conspiracy to commit money laundering, in violation of 18 U.S.C. § 371; (4) conspiracy to defraud the United States, in violation of 18 U.S.C. § 371; and (5) money laundering, in violation of 18 U.S.C. § 1956(a)(1)(A)(i). (1:04-CR-165, Dkt. No. 108). Movant was convicted on June 14, 2005, and sentenced to twenty-five years in prison. (1:04-CR-165, Dkt. Nos. 522, 558). Movant appealed and her conviction was affirmed on February 19, 2008. (1:04-CR-165, Dkt. No. 704). Movant filed her § 2255 motion on October 2, 2009. (1:09-CV-913, Dkt. No. 1).

After a § 2255 motion is filed, the Court must undertake a preliminary review of the motion to determine whether it plainly appears from the motion, the attached exhibits and the record of prior proceedings that Movant is not entitled to relief in the district court. Rule 4, Rules Governing § 2255 Proceedings. If so, the court shall make an order for its summary dismissal. *Id.* The Government is not required to answer the motion unless the Court so orders. Rule 5, Rules Governing § 2255 Proceedings. The Court has conducted its preliminary review, and finds that summary dismissal of Movant's § 2255 motion is not warranted, and that the Government must respond to Movant's motion. However, the Court concludes that only a portion of the arguments raised in Movant's brief in support of her § 2255 motion (1:09-CV-913, Dkt. No. 34) present a plausible basis of relief. Therefore, pursuant to Rules 4 and 5 of the Rules Governing § 2255 Proceedings, the Government is directed to respond to Movant's motion, but need only respond to those arguments designated by this opinion and corresponding order. The Government need not respond to those arguments which the Court identifies as being without merit upon preliminary review.

Movant's brief in support of her § 2255 motion contains thirty separate "grounds," many of which contain multiple arguments. (1:09-CV-913, Dkt. No. 34). Although Movant's brief does not subdivide or label the arguments made under each "ground," the Court has numbered the separate arguments found under each "ground" for ease of reference and analysis.

II.

A prisoner who moves to vacate his sentence under § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack. 28 U.S.C. § 2255. To prevail on a § 2255 motion "a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)). Non-constitutional errors are generally outside the scope of § 2255 relief. *United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000). A petitioner can prevail on a § 2255 motion alleging non-constitutional error only by establishing a "fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir.1990) (internal quotations omitted)).

As a general rule, claims not raised on direct appeal are procedurally defaulted and may not be raised on collateral review unless the petitioner shows either 1) "cause" and "actual prejudice"; or 2) "actual innocence." *Massaro v. United States*, 538 U.S. 500, 504 (2003); *Bousley v. United States*, 523 U.S. 614, 621-22 (1998); *United States v. Frady*, 456

U.S. 152, 167-68 (1982). An ineffective assistance of counsel claim, however, is not subject to the procedural default rule. *Massaro*, 538 U.S. at 504. An ineffective assistance of counsel claim may be raised in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal. *Id.*

In reviewing a § 2255 motion where factual disputes arise, "the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims." *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007) (quoting *Turner v. United States*, 183 F.3d 474, 477 (6th Cir. 1999)). The Court must grant a hearing to determine the issues and make findings of fact and conclusions of law on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). No evidentiary hearing is required if the allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact. *Valentine,* 488 F.3d at 333 (quoting *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)). "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rules Governing § 2255 Cases, Rule 4(b). Where the judge considering the § 2255 motion also conducted the trial, the judge may rely on his or her recollections of the trial. *Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996).

**Ground One**

Movant's first ground in support of her § 2255 motion consists of three arguments: (1) failure of the superceding indictment to use the term "Ponzi scheme" caused it to be defective, (2) the jury instructions were defective because they failed to use the term "Ponzi scheme," and (3) the Government engaged in prosecutorial misconduct. All three arguments listed within Movant's first ground in support of her § 2255 are without merit.

First, Movant contends that the failure of the superceding indictment to use the language "Ponzi scheme" caused it to be defective and that through prosecutorial misconduct, removal of the term "Ponzi scheme" from the jury instructions was "per se prejudicial" and violated her Fourth, Fifth, and Sixth Amendment rights. (1:09-CV-913, Dkt. No. 34).

Failure of the superceding indictment to use the term "Ponzi scheme" does not render it defective. For an indictment to be constitutional, two requirements must be met: "first, [that it] contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, [that it] enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *United States v. Resendiz-Ponce*, 549 U.S. 102, 108 (2007) (quoting *Hamling v. United States*, 418 U.S. 87 (1974)).

The superceding indictment clearly and explicitly identifies the elements of each charged offense and the charges' corresponding statutory authority. (*See* 1:04-CR-165, Dkt.

No. 108). Movant was indicted under 18 U.S.C. §§ 371, 1341, 1956, 1957. *Id*. The term "Ponzi scheme" does not appear in the statutory language of any of the statutes which Movant was convicted of. *See* 18 U.S.C. §§ 371, 1341, 1956, 1957. A "Ponzi scheme" is merely a lay-term used to describe a variety of fraud. Absence of the term "Ponzi scheme" from the superceding indictment is irrelevant to its effectiveness.

Further, the Judgment also states the same statutes and corresponding indictment counts that Movant was found guilty of violating. (1:04-CR-165, Dkt. No. 558). Because the Judgment and superceding indictment properly identified the statutes and counts which Movant was found guilty of, Movant bears no risk of being prosecuted in the future for the same offenses. Therefore, Movant's superceding indictment was constitutional, and her argument is without merit.

Second, Movant contends that the jury instructions were defective because they failed to use the term "Ponzi scheme." (1:09-CV-913, Dkt. No. 34). In *Middleton v. McNeil*, the Supreme Court stated the proper due process analysis of jury instructions for criminal trials:

> [T]he State must prove every element of the offense, and a jury instruction violates due process if it fails to give effect to that requirement. Nonetheless, not every ambiguity, inconsistency, or deficiency in a jury instruction rises to the level of a due process violation. The question is "whether the ailing instruction . . . so infected the entire trial that the resulting conviction violates due process." "[A] single instruction to a jury may not be judged in artificial isolation, but must be viewed in the context of the overall charge." If the overall charge is ambiguous, the question is whether there is a reasonable likelihood that the jury has applied the challenged instruction in a way that violates the constitution."

541 U.S. 433, 437 (2004) (citations omitted). As stated before, the term "Ponzi scheme" is not itself a legally significant term, and is merely used to describe various types of fraud. Movant appears to contend that the use of the term "Ponzi scheme" during the trial combined with its absence in the jury instructions prejudiced her and resulted in defective jury instructions. (1:09-CV-913, Dkt. No. 34, at 67-74, Ex. D). If the term "Ponzi scheme" was in the operative language of the statute which Movant was convicted of, then absence of that language may be an issue. However, that is not the case.

To begin the analysis, the Court must determine whether the jury instructions were ambiguous. Reviewed in its totality, the trial record shows that the jury instruction charges were not ambiguous. (1:04-CR-165, Dkt. Nos. 470-78, 513-22). The necessary elements were clearly delineated in the indictment, trial, and in the statutes. (1:04-CR-165, Dkt. Nos. 108, 470-78, 513-22, 558). Movant has failed to cite any jury instruction or trial transcript that, when reviewed as a whole, appears to be ambiguous. (*See* 1:09-CV-913, Dkt. No. 34, Ex. A-I). The next question is whether the jury instructions properly identified each element the jury must find to convict the Movant. *Middleton*, 541 U.S. at 437. Although parts of the lay definition for the term "Ponzi scheme" and of the operative statutory language which Movant was convicted of were comparable, a "Ponzi scheme" was not an element of any charges brought against Movant. 18 U.S.C. §§ 371, 1341, 1956, 1957. Accordingly, failure to use the term "Ponzi scheme" in the jury instructions did not render the instructions defective.

Movant also appears to argue that the superceding indictment was constructively amended by a supplemental jury instruction. Movant argues that the alleged amendment caused the jury to be confused with the term "Ponzi scheme" and the charges brought against her. A constructive amendment

> results when the terms of an indictment are in effect altered by the presentation of evidence and jury instructions which modify essential elements of the offense charged such that there is a substantial likelihood that the defendant may have been convicted of an offense other than the one charged in the indictment.

*United States v. Siemaszko*, 612 F.3d 450, 469-70 (6th Cir. 2010) (citing *United States v. Kuehne*, 547 F.3d 667, 683-84 (6th Cir. 2008)). "To determine whether a constructive amendment has occurred . . . we review the language of the indictment, the evidence presented at trial, the jury instructions and the verdict forms utilized by the jury." *Kuehne*, 547 F.3d at 683-84.

In giving supplemental instructions, the Court must take care to refrain from adding to the confusion or prejudicing the defendant. *United States v. Nunez*, 889 F.2d 1564, 1569 (6th Cir. 1989). Supplemental instructions must be given in a way that will clear away the difficulties on a particular issue with accuracy and must be viewed in light of the entire trial and previous instructions. *See United States v. Lee*, 991 F.2d 343, 350 (6th Cir. 1993). Even a "misstatement in one part of the [jury] charge does not require reversal if elsewhere in the instruction the correct information is conveyed to the jury in a clear and concise manner." *United States v. Nelson*, 27 F.3d 199, 202 (6th Cir. 1994) (quoting *United States v. Pope*, 561

F.2d 663, 670 (6th Cir. 1977)). The record shows the Court's instructions clearly and accurately reflected the counts in the indictment.(1:04-CR-165, Dkt. Nos. 470-78, 513-22). Because clear and accurate instructions had been given, the Court's supplemental instructions were providing only the direction necessary to assist the jury in understanding the relevant law. *Id*. Movant's allegations of improper supplemental jury instructions represent conclusions rather than statements of fact, are not supported by the record or her exhibits, and are contradicted by the record. (1:04-CR-165, Dkt. Nos. 470-78, 513-22; 1:09-CV-913, Dkt. No. 34).

Third, Movant also contends that certain actions that occurred during the trial constituted prosecutorial misconduct. (1:09-CV-913, Dkt. No. 34, at 66). For a habeas corpus motion to be cognizable under a claim of prosecutorial misconduct, the misconduct must be "of sufficient significance to result in the denial of the defendant's right to a fair trial." *Greer v. Miller*, 483 U.S. 756, 765 (1987) (citation omitted). When determining fundamental fairness, the Court must "as an initial matter . . . place th[e] remar[k] in context." *Id*. (citation omitted). Movant bases her prosecutorial misconduct claims on allegations that the government lied multiple times during the trial, presented misleading exhibits, and colluded with the Court. (1:09-CV-913, Dkt. No. 34, at 68-75).

Movant's generalized allegations of prosecutorial misconduct are without merit and represent conclusions that are simply not supported by the record or Movant's Exhibits. (*Compare* 1:04-CR-165, Dkt. Nos. 470-78, 491, 513-22, *with* 1:09-CV-913, Dkt. No. 34, Ex.

A-I). Movant's argument requires the Court to make unwarranted inferences from the record to reach the conclusion that prosecutorial misconduct was rampant. *Id*.

## Ground Two

Movant's second ground supporting her § 2255 motion appears to involve two arguments: (1) judicial estoppel precludes the use of the term "Ponzi scheme" as a finding of fact, at sentencing and at appeal, and (2) the Supreme Court holding that under 18. U.S.C. § 1956(a)(1), "proceeds" means "receipts," represents a change in law which entitles Movant to relief. *United States v. Santos*, 553 U.S. 507 (2008). The first argument is without merit, and the Government will be directed to respond to the second argument.

First, Movant alleges that judicial estoppel precludes the use of the term "Ponzi scheme" as a finding of fact at sentencing and at appeal. Judicial estoppel occurs "[w]here a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him." *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001) (quoting *Davis v. Wakelee*, 156 U.S. 680, 689 (1895)). Judicial estoppel's effect "generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." *Id*. (quoting *Pegram v. Herdrich*, 530 U.S. 211, 227 (2000)). The purpose of judicial estoppel is "to protect the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment." *Id*. at 750 (citation omitted).

Movant appears to argue that the periodic use of the term "Ponzi scheme" during trial, its absence from jury instructions, and its use in sentencing proceedings violated the rule of judicial estoppel. (1:09-CV-913, Dkt. No.34, at 75-76). However, Movant misconstrues the legal significance of the term "Ponzi scheme" and the legal principle of judicial estoppel.

The term "Ponzi scheme" is merely a term-of-art used to describe various types of fraud. Under judicial estoppel, the use, or absence of use of the term "Ponzi scheme" is irrelevant; the issue is whether the Government had taken contradictory legal positions during the legal proceedings. Movant has cited nothing on the record or any exhibit indicating that the Government deviated from the legal theory that Movant committed mail fraud or money laundering, or conspiracy to commit mail fraud or money laundering. Accordingly, Movant's argument for judicial estoppel in support of her § 2255 motion is without merit.

Second, Movant asserts that *United States v. Santos*, 553 U.S. 507 (2008), represents grounds for relief from her convictions. The Court reserves ruling on this argument until a response is filed by the Government.

## **Ground Three**

Movant's third ground in support of her § 2255 motion involves six unorganized arguments: (1) the prosecution knowingly presented false testimony, presented false evidence, withheld evidence, and tampered with evidence; (2) defense counsel was ineffective; (3) there was collusion between the Court and Government; (4) witness testimony was incredible; (5) 18 U.S.C. § 3282 statute of limitation bars the superceding

indictment because it broadens the charges of the original indictment; and (6) an "ex post facto" prohibition applies to her case. Arguments three through six are without merit and the Government will be directed to respond to arguments one and two.

First, Movant presents various arguments of prosecutorial misconduct. The allegations that prosecution knowingly presented false testimony, presented false evidence and withheld evidence represent conclusions rather than statements of fact. Neither the record nor the authority cited by Movant supports those allegations. *See supra* p. 8; (*see also* 1:09-CV-913, Dkt. No. 34, Ex. B-D, CC-EE, BBB, TTT, ZZZZ). Movant also alleges that Government trial exhibits one, three, thirty-one, and thirty-three were altered prior to presentation to the jury in a way that materially prejudiced her. The Court reserves ruling on this allegation of prosecutorial misconduct until a response is filed by the Government.

Second, Movant appears to argue ineffective assistance of counsel for failure to object at certain points during the trial, failure to take a "closer look at" certain materials, failure to read certain materials, and failure to maintain a specific line of questioning. (1:09-CV-913, Dkt. No. 34, at 83-85). The Court reserves ruling on the claim of ineffective assistance of trial counsel until a response is filed by the Government.

Third, Movant argues that certain witness and evidentiary rulings made by the Court should be inferred to indicate collusion between the Court and the Government. These allegations are merely conclusory statements unsupported by the record or exhibits. (1:04-CR-165, Dkt. Nos. 470-78, 491, 513-22, 704). Movant's argument for Court and Government collusion is without merit.

Fourth, Movant argues that certain witness testimony was not credible. The Courts are generally precluded from independently assessing the credibility of witnesses. *United States v. Gessa*, 57 F.3d 493, 496 (6th Cir.1995), *cert. denied*, 516 U.S. 1098 (1996) (holding "[t]he appellate courts generally do not review the district court's determinations regarding witness credibility"). In a jury trial, the jury is the sole fact finder (*United States v. Adamo*, 742 F.2d 927, 935 (6th Cir. 1984)) and issues of witness credibility are "within the 'special province' of the factfinder." *Wright v. Florida*, 474 U.S. 1094 (1986) (quoting *Inwood Laboratories, Inc. v. Ives Laboratories, Inc.*, 456 U.S. 844, 856 (1982)). Review of witness credibility is not within the province of this Court and is not proper under a § 2255 motion. *See* 28 U.S.C. § 2255(a). Accordingly, Movant's argument that witness testimony was not sufficiently credible to sustain her conviction is without merit.

Fifth, Movant argues that the superceding indictment broadens the charges of the original indictment, and those broadened charges are barred by the statute of limitations under 18. U.S.C. § 3282. The statute of limitations rule under 18 U.S.C. § 3282(a) states that "[e]xcept as otherwise expressly provided by law, no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed." Movant contends that the new charges brought in the superceding indictment, filed October 27, 2004 are barred by this five-year limitation period. (1:04-CR-165, Dkt. No. 108).

Once an indictment is brought, the statute of limitations does not further run to the charges in that indictment. *United States v. Smith*, 197 F.3d 225, 227 (6th. Cir. 1999)

(citation omitted). The limitations period begins to run on the date of the "last overt act in furtherance of the conspiracy alleged in the indictment." *Id*. at 228; *see also Pinkerton v. United States*, 145 F.2d 252 (5th Cir. 1944)). The record clearly shows that in 2001 and into 2002, Movant was committing overt acts to further the crimes outlined in the superceding indictment. (1:04-CR-165, Dkt. Nos. 108, 470-78, 513-522). The superceding indictment was filed in October of 2004, less than four years after the overt acts documented in 2001 and 2002. Accordingly, Movant's argument that the superceding indictment is barred by the statute of limitations is without merit.

Sixth, Movant argues that the Ex Post Facto provision of the U.S. Constitution applies to her case. U.S. CONST. art. I, § 10, cl. 1. This provision "forbids the Congress and the States to enact any law which imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed." *Weaver v. Graham*, 450 U.S. 24, 28 (1981) (internal quotation marks and citation omitted). This argument is merely another conclusion which is not supported by the record, exhibits or the cited legal authority, and is without merit.

## Ground Four

Movant's fourth ground supporting her § 2255 motion appears to involve two separate arguments: (1) the evidence was not sufficient to sustain the conviction, specifically that the evidence was insufficient to show that Movant and Diane and Wesley Boss (Bosses) engaged in the same offenses or had an agreement, and (2) the Bosses being made co-defendants and their guilty pleading materially prejudiced Movant. The first argument is without merit and the Government will be directed to respond to the second.

First, Movant alleges that no "competent evidence" existed to demonstrate she engaged in the same offenses or had agreements with the Bosses. (1:09-CV-913, Dkt. No. 34, at 95). This is another bare conclusion, that is unsupported by the record. (1:04-CR-165, Dkt. Nos. 108, 470-78, 481, 513-22). Further, Movant cites no exhibits or authority to support her claim. Movant's argument is without merit.

Second, Movant alleges that the Bosses attachment as co-defendants and subsequent guilty pleading prejudiced Movant which violated her right to due process. The Court reserves ruling on this argument until a response is filed by the Government.

## Ground Five

Movant's fifth ground supporting her § 2255 motion involves four arguments: (1) the terminology used by the Court and Government effectively denied her the right to a fair trial, (2) certain actions by the Court should be inferred to conclusively show collusion occurred between the Court and the Government, (3) certain rulings made by the Court violated the "ex post facto" rule, and (4) by denying Movant the use of the bulk bank records, the Court unfairly prejudiced her. (1:09-CV-913, Dkt. No. 34, at 100-05). Arguments one through three are without merit and the Government will be directed to respond to argument four.

First, Movant contends that the Court's definition of "investment contract" and "prime bank investment" applied at trial deprived her of the right to a fair trial. (1:09-CV-913, Dkt. No. 34, at 101). To prevail on a § 2255 motion, Movant must demonstrate an error of constitutional magnitude or a fundamental defect which inherently results in a complete

miscarriage of justice or an error so egregious that it amounts to a violation of due process. *Humphress*, 398 F.3d at 858 (citation omitted); *Watson*, 165 F.3d at 488 (citation omitted). Movant has failed to demonstrate how the Court's use of the terms "investment contract" and "prime bank investment" prejudiced Movant in a way that implicates her constitutional rights. Movant's argument consists of conclusions that require incredible inferences before support can be attributed to the exhibits and trial records Movant cites. Accordingly, Movant's argument is without merit.

Second, Movant's allegations of Court collusion are without merit and again represent mere conclusions unsupported by the record or exhibits.

Third, Movant again alleges that certain jury instructions violated the Ex Post Facto clause of the U.S. Constitution. Movant argues that the Court's use of the terms "prime bank instrument," "specialized high return investments," and "Ponzi scheme" somehow violated the Ex Post Facto clause. Movant's claims are conclusions, inchoate, and are not supported by the record or Movant's exhibits. *See supra* p. 13; (*see also* 1:09-CV-913, Dkt. No. 34; 1:04-CR-165, Dkt. Nos. 470-78, 513-22). Accordingly, Movant's argument is without merit.

Fourth, Movant argues that prior to and during her trial, she was denied "use" of certain "bulk bank" records. (1:09-CV-913, Dkt. No. 34, at 100-05). Movant contends that this denial violated her right to a fair trial. The Court reserves ruling on Movant's argument until a response is filed by the Government.

**Ground Six**

Movant's sixth ground supporting her § 2255 motion involves three arguments: (1) the Government violated her First Amendment right to the Free Exercise of Religion, (2) certain terms used by the Government during trial violated her right to due process, and (3) the jury instruction's failure to address Movant's good-faith belief in her alleged church's tax exemption violated her due process. Arguments one and two are without merit and the Government will be directed to respond to argument three.

First, Movant argues that the Government improperly targeted her alleged church, which violated her First Amendment right to the Free Exercise of Religion. (1:09-CV-913, Dkt. No. 34, at 106-7). Movant's argument is not supported by the record, her motion, or her exhibits. Movant presents inferential conclusions rather than statements of fact to support her argument. Accordingly, Movant's argument is without merit.

Second, Movant argues that the Government's use of the terms "church chapter," "checkbook church," and "prime bank" violated her right to due process. These contentions are conclusions, unsupported by the record, her cited authority, or her exhibits. (*Compare* 1:04-CR-165, Dkt. Nos. 470-78, 513-22, *with* 1:09-CV-913, Dkt. No. 34). In addition, to sustain these evidentiary allegations of non-constitutional error, Movant must show a fundamental defect in the proceedings which resulted in a complete miscarriage of justice or an error so egregious that it results in a violation of due process. *Riggs v. United States*, 209 F.3d 828, 831 (6th Cir. 2000). Movant's arguments fail to meet this standard, and are without merit.

Third, Movant argues that she had a good-faith belief that her church was tax exempt under 26 U.S.C. §§ 501 and 508. Movant contends that she was engaging in what she thought was innocent conduct, and that the jury instructions failure to address her good-faith belief about her church's tax exemption violated her right to Due Process. The Court reserves ruling on this argument until a response is filed by the Government.

## Ground Seven

Movant's seventh ground supporting her § 2255 motion involves four arguments: (1) the Court was biased against tax protesters and that bias improperly prejudiced Movant during her trial, (2) the Court's trial procedures were comparable to procedures used to adjudicate enemy combatants, which have been ruled unconstitutional by the Supreme Court, (3) the Separation of Powers clause of the Constitution requires that Movant be released, and (4) the Court was improperly biased and committed fraud. All arguments listed within Movant's seventh ground in support of her § 2255 motion are without merit.

First, Movant argues that the Court had publicly demonstrated bias against tax protestors, and that this bias prejudiced Movant throughout the trial. Movant contends that the Court's bias combined with the Court's failure to recuse itself violated her right to Due Process. Under 28 U.S.C. § 455, "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The purpose of this provision is to "promote public confidence in the integrity of the judicial process." *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S.

847, 859 (1988). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994) (quoting *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966)).

Movant alleges that the Court publicly compared "tax protestors" to "mass murders," "terrorists" and "white supremacists." (1:09-CV-913, Dkt. No. 34, at 119-29, Ex. W). Movant alleges that these comparisons combined with certain rulings made by the Court during the trial proceedings indicate impermissible bias. These allegations represent a false invention by Movant and are not supported by the record, her motion, or her exhibits. *Id*. The Court is quoted as saying "[i]t all started with these tax protestors . . . They're angry with everyone and everything." *Id*. This quote appeared in the Grand Rapids Press, March 5, 2005, and regarded the murder of a Chicago area Judge's husband and mother. *Id*. In a completely unrelated article published in March 26, 2004, by the New York Times, a David Cay Johnston is cited as suggesting that tax evaders sympathize with Al-Queda and secretly support white supremacists. *Id*. There is no plausible connection between the two articles.

Movant has failed to produce any authority to demonstrate that the Court's isolated comment was evidence of Court bias which prejudiced Movant. Additionally, Movant's allegation that Court rulings made during the trial proceedings were a result of Court bias against tax protestors is not supported by Movant's motion, any attached exhibits, or the record. Neither the public statement made by the Court nor the judicial rulings during the trial could create grounds to reasonably question the impartiality of the Court. Accordingly, Movant's argument of judicial bias is without merit.

Second, Movant argues that her right to Due Process was violated because her trial resembled trial procedures used for adjudicating enemy combatants which were held to be unconstitutional by the Supreme Court in *Hamdi v. Rumsfeld*, 542 U.S. 507 (2004). (1:09-CV-913, Dkt. No. 34, at 129-35). This argument is frivolous. There is nothing on the record that could support the argument that Movant's trial had any resemblance to the procedures outlined in *Hamdi v. Rumsfeld* (542 U.S. 507). Movant's argument is without merit.

Third, Movant argues that the Separation of Powers clause of the Constitution requires that she be released. (1:09-CV-913, Dkt. No. 34, at 135-36). This is another frivolous argument. It is unfounded and not supported by the record, motion or exhibits and is without merit.

Fourth, Movant again makes multiple allegations of Court bias and fraud. These are frivolous and unfounded arguments. *See supra* pp. 11, 15-16. They are not supported by the record, motion, or exhibits, and are without merit.

## Ground Eight

Movant's eighth ground in support of her § 2255 motion states that she was denied the right to proceed pro se and that representation was forced upon her which resulted in her inability to present a meaningful defense and negated the adversarial nature of the trial. (1:09-CV-913, Dkt. No. 34, at 145-50). The Court reserves ruling on this argument until a response is filed by the Government.

## Ground Nine

Movant's ninth ground in support of her § 2255 motion alleges additional instances

of prosecutorial misconduct and Court bias and prejudice. (1:09-CV-913, Dkt. No. 34, at 150-58). Movant's arguments require incredible inferences be made before even a tenuous amount of support can be gleaned from the record or exhibits. The conclusive allegations Movant asserts are simply not supported by the record, motion, or exhibits, and are without merit. (*See* 1:04-CR-165, Dkt. Nos. 470-78, 513-22); *see supra* pp. 6-7, 11-13, 15.

## Ground Ten

Movant's tenth ground in support of her § 2255 motion can be summarized as more allegations of prosecutorial misconduct and judicial bias and prejudice. (*See* 1:09-CV-913, Dkt. No. 34, at 158-63). Movant's arguments are conclusions and are not supported by the record, motion, or exhibits. (*See* 1:09-CV-913, Dkt. No. 34; 1:04-CR-165, Dkt. Nos. 470-78, 513-22). Movant's allegations are repetitive, inherently incredible, and fail to allege error of a constitutional magnitude or error that demonstrates a complete miscarriage of justice indicative of a violation of due process. *Humphress*, 398 F.3d at 858 (citation omitted); *Watson*, 165 F.3d at 488 (citation omitted). Accordingly, Movant's tenth ground is without merit.

## Ground Eleven

Movant's eleventh ground in support of her § 2255 motion involves two arguments: (1) the Government engaged in prosecutorial misconduct, and (2) Rule 6 of the Federal Rules of Criminal Procedure was violated during the Grand Jury proceedings. The first argument is without merit and the Government will be directed to respond to the second.

First, Movant continues to allege instances of prosecutorial misconduct. These arguments are again conclusions and are not supported by the record, motion, or exhibits. (*Compare* 1:04-CR-165, Dkt. Nos.108, 470-78, 513-22, *with* 1:09-CV-913, Dkt. No. 34, at163-67). Movant's conclusory arguments fail to allege error of a constitutional magnitude or error that rises to  a level that implicates a violation of due process. *Humphress*, 398 F.3d at 858 (citation omitted); *Watson*, 165 F.3d at 488 (citation omitted). Accordingly, Movant's argument for prosecutorial misconduct is without merit.

Second, Movant argues that the presence of IRS Agents during the Grand Jury proceedings violated Rule 6(d) of the Federal Rules of Criminal Procedure. The Court reserves ruling on this argument until a response is submitted by the Government.

## Ground Twelve

Movant's twelfth ground in support of her § 2255 motion alleges that she was denied use of bulk bank records which the Government used to create their "summary" exhibits. (1:09-CV-913, Dkt. No. 34, at 167-73).  Movant argues that this denial of bank records resulted in violations of the rules set forth in *Brady v. Maryland*, 373 U.S. 83 (1963), 18 U.S.C. § 3500, the Fifth Amendment (U.S. CONST. amend. V.), and the Sixth Amendment (U.S. CONST. amend. VI.).  The Court will reserve ruling on this ground until a response is filed by the Government.

## Ground Thirteen

Movant's thirteenth ground in support of her § 2255 motion alleges a violation of her Sixth Amendment right to a speedy trial. This ground is without merit.

The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy . . . trial." U.S. CONST. amend. VI. Movant has previously argued that her right to a speedy trial was violated under the Speedy Trial Act, 18 U.S.C. § 3161. (1:04-CR-165, Dkt. No. 373). Under 18 U.S.C. § 3161, a defendant's trial must commence within seventy days after indictment. However, the computation of the seventy days is subject to multiple exclusions. 18. U.S.C. § 3161(h). This Court previously determined that various statutory exclusions applied to the computation of time between indictment and trial, and a total of only thirteen days had elapsed from the speedy trial clock. (1:04-CR-165, Dkt. No. 373). To avoid procedural default and because a § 2255 motion requires error of a constitutional magnitude or error that results in a violation of due process, this opinion will analyze Movant's speedy trial argument under a constitutional lense.

To determine whether the right to a speedy trial has been violated, the Court conducts a balancing test, "in which the conduct of both the prosecution and the defendant are weighed." *Barker v. Wingo*, 407 U.S. 514, 529-30 (1972). Four factors are pertinent to the balancing test: "Length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." *Id*. at 522. The factors are related, and "must be considered together with such other circumstances as may be relevant." *Id*. at 533. "The right of a speedy trial is necessarily relative. It is consistent with delays and depends upon circumstances."*Id.* at 522 (internal citation and quotations omitted).

The length of delay is a "triggering mechanism" for the right to a speedy trial to be implicated. *Id*. at 530. "Until there is some delay which is presumptively prejudicial, there

is no necessity for inquiry into the other factors that go into the balance." *Id*. The Supreme Court has held that the length of delay required to trigger the right to a speedy trial varies depending on the circumstances of each case:

> [B]ecause of the imprecision of the right to speedy trial, the length of delay that will provoke such an inquiry is necessarily dependent upon the peculiar circumstances of the case. To take but one example, the delay that can be tolerated for an ordinary street crime is considerably less than for a serious, complex conspiracy charge.

*Barker*, 407 U.S. at 530-31.

Movant's superceding indictment was filed October 27, 2004, (1:04-CR-165, Dkt. No. 108) and her trial began May 16, 2005, (1:04-CR-165, Dkt. No. 372), resulting in a period of less than eight months between indictment and trial. Movant filed multiple motions with the Court contending her right to a speedy trial was being violated. (1:04-CR-165, Dkt. No. 373). Movant's case was complex and involved hundreds of transactions, hundreds of investors, multiple defendants, multiple states, international wire transfers, and a total amount of $20.7 million dollars. (1:04-CR-165, Dkt. No. 108). Continuances were filed and granted to Defense attorneys Paul Denefeld and Lawrence Phalen. (1:04-CR-165, Dkt. No. 373). Movant also filed twenty-seven motions after the final pretrial conference. *Id*.

Given the complexity and circumstances of Movant's case, the eight month period between the indictment and trial is not sufficient in length to trigger a violation of the right to a speedy trial. However, even presuming the eight months was a period sufficient to trigger the right to a speedy trial, the presence of a delay is not alone determinative. *Barker*

407 U.S. at 533. The delay was primarily a result of the Defense attorneys' continuances and Movant's own Court filings. (*See* 1:04-CR-165, Dkt. No. 373). The defendants' continuances and Movant's own conduct weigh against Movant when attributing cause of delay under the *Barker* balancing test. *See Barker* 407 U.S. at 529-30. Additionally, although the Movant's assertion of her right to a speedy trial is a factor to be considered under *Barker*, mere assertion of the right is not determinative. *Barker*, 407 U.S. at 529-30, 533.

Movant also argues that the death of Robert Rydberg, a planned witness, occurred during that eight month period and prejudiced her case. Any resulting prejudice was not caused by a delay sufficient to violate Movant's right to a speedy trial. Furthermore, Movant has failed to identify in the record, motion, or exhibits any facts that support her conclusion that Mr. Rydberg's death materially prejudiced her case. Therefore, because there is no error of a constitutional magnitude, and because there was no error resulting in a complete miscarriage of justice nor so egregious to amount to a violation of due process, Movant's argument that her right to a speedy trial was violated is without merit. *Humphress*, 398 F.3d at 858 (citation omitted); *Watson*, 165 F.3d at 488 (citation omitted).

Movant also presents haphazard arguments of prosecutorial misconduct within this ground of her brief. These allegations are not supported by the record, motion, or exhibits and are without merit.

**Ground Fourteen**

Movant's fourteenth ground in support of her § 2255 motion alleges that no evidence

25

existed on the record to support the conclusion that the "Crawford Ltd." contracts were illegitimate. (1:09-CV-913, Dkt. No. 34. at 177). Movant further contends that the government's reference to the Crawford Ltd. contracts as a fraud scheme materially prejudiced her. Movant's fourteenth ground is without merit.

Movant's fourteenth ground is comprised of conclusions rather than statements of fact. Movant's allegation that no evidence supports the position that "Crawford Ltd." was an illegitimate contract is not supported by the record, and is in fact contradicted by the record. (1:04-CR-165, Dkt. Nos. 518 - 22). Additionally, Movant presents no evidence to demonstrate the Government's references to the Crawford Ltd. contract materially prejudiced her in a way that meets a § 2255 motion's requirements for viability.

Movant additionally claims certain testimony and government exhibits "substantially prejudiced" her. (1:09-CV-913, Dkt. No. 34, at 179). Movant's claim that the testimony and exhibits were improper or illegal are conclusions and are not supported by her motion, exhibits or the record.

## Ground Fifteen

Movant's fifteenth ground in support of her § 2255 motion is comprised of five arguments: (1) Movant had not agreed to forgo pursuit of two witnesses, (2) Movant was improperly denied the right to pursue a "good-faith reliance" defense when certain parties were not pursued as witnesses, (3) Movant was improperly denied F.B.I. letters from admission into evidence, (4) federal officials were involved with the administration and

collapse of a bank located in the Bahamas, and (5) Movant's rights under the Federal Rules of Civil Procedure were violated. All arguments listed within Movant's fifteenth ground in support of her § 2255 motion are without merit.

First, Movant argues that she had not agreed to not pursue Winfield Moon or Richard Gerry as witnesses. (1:09-CV-913, Dkt. No. 34, at 180-81). The record clearly shows that the Court, Movant, Movant's attorney, and the government discussed the circumstances surrounding Mr. Moon and Mr. Gerry. (1:04-CR-165, Dkt. No. 514). Even if it is presumed that Movant's agreement to release Mr. Moon and Mr. Gerry as witnesses was invalid, she has failed to raise these issues on direct appeal. (1:04-CR-165, Dkt. No. 704). Movant's argument is procedurally defaulted and is not viable  because she has failed to demonstrate that Mr. Moon's or Mr Gerry's absence from trial (1) caused actual prejudice, or (2) is evidence of actual innocence. *Massaro*, 538 U.S. at 504. Mr. Moon's or Mr. Gerry's absence is neither an allegation of error of constitutional magnitude, nor an error which results in a complete miscarriage of justice or so egregious to result in a violation of due process. *Watson*, 165 F.3d at 488 (citations omitted). Accordingly, Movant's argument is without merit.

Second, Movant argues that she was denied the ability to assert a "good-faith reliance" defense when Richard Gerry and James Kramer-Wilt were not pursued as witnesses. (1:09-CV-913, Dkt. No. 34, at 181). The record shows that after discussion between the Court, defense, and government, it was determined that Mr. Gerry's presence would have had a

negative effect on Movant's case and Mr. Gerry was released from his subpoena. (1:04-CR-165, Dkt. No. 514, at 2219-23). Movant's argument that she, in good-faith, relied on representations made by Mr. Kramer-Wilt are irrelevant to Movant's case. The indictment brought against Movant charged her with making fraudulent representations to investors. (1:04-CR-165, Dkt. Nos. 108, 470 at 8-20). Whether or not Movant was herself deceived by third-parties was a collateral matter, and irrelevant to the charges brought against her. *Id*. Additionally, Movant's assertions of what Mr. Kramer-Wilk's presence would have accomplished for Movant are purely speculative and conclusive. (*See* 1:09-CV-913, Dkt. No.34, at 183). Accordingly, Movant's argument is without merit.

Third, Movant argues that her "good-faith reliance" on representations made by Gerard Forrester was a viable defense and that denial of letters allegedly written by Mr. Forrester from evidence improperly prejudiced her case. (1:09-CV-913, Dkt. No. 34, at 184). Mr. Forrester is alleged to be a F.B.I. Agent. Mr. Forrester's purported letters which Movant claims she relied on state that a certain bank located in the Bahamas was a legitimate banking institution. *Id*. Although it is unclear from the record or Movant's exhibits whether Mr. Forrester even exists, or if the alleged letters can be authenticated, this argument does not rise to the magnitude necessary to be cognizable under a § 2255 motion. (1:04-CR-165, Dkt. No. 397; 1:09-CV-913, Dkt. No. 34).

A Court is required to hold an evidentiary hearing when factual disputes arise, unless the allegations cannot be accepted as true because they are contradicted by the record,

inherently incredible, or conclusions rather than statements of fact. *Valentine*, 488 F.3d at 325, 333. However, even if the claim is not disputed and Movant's claim is presumed true, it fails to establish an error of a constitutional magnitude or an error which resulted in a complete miscarriage of justice or so egregious that it amounts to a violation of due process. *Humphress*, 398 F.3d at 858 (citation omitted); *Watson*, 165 F.3d at 488 (citation omitted). If the Court accepts that Mr. Forrester exists and accepts that the letter is authentic, it only states that a certain bank located in the Bahamas appears to be a legitimate banking institution. (1:04-CR-165, Dkt. No. 392, Ex. 4). This would have no effect on Movant's case. The letter does not indicate that the bank's investments matched the investments Movant described to investors. Further, Movant's argument for a "good-faith reliance" regards only the collateral matter of whether Movant was defrauded by a third-party. Accordingly, Movant's argument is without merit.

Fourth, Movant argues that federal officials were involved with the administration, endorsement, and collapse of a bank located in the Bahamas, and that she was entitled to evidence regarding the federal involvement with that bank under *Brady v. Maryland*, 373 U.S. 83 (1963), and *Jencks v. United States*, 353 U.S. 657 (1957). (1:09-CV-913, Dkt. No. 34, at 186-88). Movant's implausible assertions are speculative conclusions, unsupported by the record, motion, or exhibits and are without merit.

Fifth, Movant appears to argue that her rights under the Federal Rules of Civil Procedure were violated. Movant's underlying case was criminal and properly governed by

the Federal Rules of Criminal Procedure. (*See* 1:04-CR-165, Dkt. No. 108). Movant's argument is without merit.

## Ground Sixteen

Movant's sixteenth ground in support of her § 2255 motion alleges the superceding indictment was defective and that she was improperly charged with multiple crimes for the same counts. The Court reserves ruling on Movant's sixteenth ground until a response is filed by the Government.

## Ground Seventeen

Movant's seventeenth ground in support of her § 2255 motion contains five arguments: (1) the Government engaged in prosecutorial misconduct by tailoring its case to other Seventh Circuit cases with intent to ensure a guilty verdict against Movant, (2) the Court improperly denied her certain exculpatory evidence and witnesses, (3) the Court should take judicial notice of certain facts, (4) Movant was denied the right to defend against alleged tax violations, and (5) Movant was subjected to additional instances of judicial bias and prosecutorial misconduct. Arguments one, three, and five are without merit and the Government will be directed to respond to arguments two and four.

First, Movant argues that her case resembled other cases which involved wire fraud, money laundering and conspiracy. *See United States v. Polichemi*, 201 F.3d 858 (7th Cir. 2000); *United States v. Polichemi*, 219 F.3d 698 (7th Cir. 2000); *S.E.C. v. Lauer*, 52 F.3d 667 (7th Cir. 1995); *United States v. Lauer*, 148 F.3d 766 (7th Cir. 1998); (1:09-CV-913, Dkt.

No. 34, at 195). Movant argues that because elements of the Seventh Circuit cases cited above were also present in her case, it should be inferred that the Government patterned their case after those cases. Movant further argues that it should be inferred that the Government lied, tampered with evidence, and colluded with the Court so that Movant's case would parallel the Seventh Circuit cases, which Movant argues would ensure a guilty verdict. Because these allegations are contradicted by the record, are inherently incredible, and are conclusions rather than statements of fact, Movant's argument is without merit. *See Valentine*, 488 F.3d at 333.

Second, Movant argues that the Court improperly denied her certain exculpatory evidence and witness testimony regarding her mail fraud, money laundering, and conspiracy charges. The Court reserves ruling on this argument until a response is filed by the Government.

Third, Movant argues that the Court should take "mandatory judicial notice" of six "facts" under the Federal Rules of Evidence, Rule 201. (1:09-CV-913, Dkt. No.34, at 204). This argument is frivolous and requests Court action that is not proper for this motion. Rule 201 only governs judicial notice of adjudicative facts. FED. R. EVID. 201. The general method of establishing adjudicative facts through judicial notice "is through the introduction of evidence, ordinarily consisting of the testimony of witnesses. If particular facts are outside the area of reasonable controversy, this process is dispensed with as unnecessary. A high degree of indisputability is the essential prerequisite." FED. R. EVID. 201, note to subdiv. (a).

Movant requests the Court to take judicial notice of terms, exhibits, and caselaw. The judicial notice Movant seeks would establish inferential conclusions as facts of the case. The Court is not permitted to take such action. The evidentiary issues Movant asserts were not raised on appeal and may not be raised on collateral review unless Movant shows either (1) "cause" and "actual prejudice", or (2) "actual innocence." *Massaro*, 538 U.S. at 504. Movant failed to raise these issues on appeal and has failed to meet either prong of the *Massaro* test. In addition, the "facts" which Movant requests to be judicially noticed were disputed and are not proper for judicial notice under FED. R. EVID. 201. (*See generally* 1:04-CR-165, Dkt. Nos. 470-78, 513-22). Accordingly, Movant's argument for judicial notice is without merit.

Fourth, Movant argues that she was denied the right to defend against alleged tax violations. The Court reserves ruling on this argument until a response is filed by the Government.

Fifth, Movant's seventeenth ground is littered with random accusations of judicial impropriety and prosecutorial misconduct. These contentions echo previous arguments and again are not supported by the record, the motion, or exhibits. Movant's allegations are conclusions and inferential statements, rather than statements of fact supported by the record, exhibits, or legal authority. Accordingly, these arguments are without merit.

### Ground Eighteen

Movant's eighteenth ground in support of her § 2255 motion alleges witnesses were threatened and tampered with by the prosecution, IRS agents, and F.B.I. agents. The Court

reserves ruling on this argument until a response is filed by the Government.

**Ground Nineteen**

Movant's nineteenth ground in support of her § 2255 motion alleges prosecutorial misconduct occurred during closing arguments which violated her right to Due Process. The Court reserves ruling on this argument until a response is filed by the Government.

**Ground Twenty**

Movant's twentieth ground in support of her § 2255 motion alleges ineffective assistance of trial counsel. She further alleges her counsel colluded with the Court and Government. This ground reflects similar arguments raised under section III.3. *Supra* pp. 10-11. The Court reserves ruling on Movant's twentieth ground until a response is filed by the Government.

**Ground Twenty-One**

Movant's twenty-first ground in support of her § 2255 motion contains four arguments: (1) Movant was improperly prejudiced by the use of the term "Ponzi scheme" during trial and its absence in the jury instructions, (2) Movant was improperly prejudiced by the Court's highlighting of evidence and the Court's citation of Government Exhibits for each corresponding count on the verdict form, (3) the jury instructions for the terms "gross income" and "exempt church organization" were improper, and (4) Movant's right to Due Process was violated when the indictment charged her with conspiracy against the I.R.S. for failure to file. Argument one is without merit and the Government will be directed to respond to arguments two, three, and four.

First, Movant argues that the use of the term "ponzi scheme" during the trial combined with its non-use in the jury instructions improperly prejudiced her. This argument is again without merit. *See supra* pp. 3-7.

Second, Movant argues that it was improper for the Court to highlight evidence and to cite the Government exhibits that corresponded to each count on the verdict form. The Court reserves ruling on this argument until a response is filed by the Government.

Third, Movant argues that the jury instructions for "gross income" and "exempt church organization" were improper. The Court reserves ruling on this argument until a response is filed by the Government.

Fourth, Movant argues that the indictment and charge of conspiracy against the I.R.S. for "failure to file" violated her right to Due Process. The Court reserves ruling on this argument until a response is filed by the Government.

**Ground Twenty-Two**

Movant's twenty-second ground in support of her § 2255 motion alleges the circumstances surrounding her Pre-Sentence Report violated her right to Due Process. The Court reserves ruling on this ground until a response is filed by the Government.

**Ground Twenty-Three**

Movant's twenty-third ground in support of her § 2255 motion presents ten arguments: (1) certain jury instructions were unconstitutionally vague, (2) Movant's sentence was miscalculated, (3) the total losses and restitution were miscalculated, (4) Movant's sentence

was unconstitutionally disproportionate compared to other similar cases, (5) the Court's use of Sentencing Guidelines adopted in 2004 violated the Ex Post Facto provision of the Constitution, (6) the Pre-Sentence Report was inaccurate, (7) the amount of restitution sentenced was improper, (8) the total amount of restitution to be paid to the I.R.S. was miscalculated, (9) the Court was biased against Movant, and (10) certain F.B.I. files were improperly withheld from Movant. Arguments two, six, and nine are without merit and the Government will be directed to respond to arguments one, three, four, five, seven, eight, and ten.

First, Movant argues that certain jury instructions were unconstitutionally vague. Movant also alleges that the Court's use of the terms "specialized high return investments" and "honest services fraud" was impermissible because those terms were not used in the indictment. (1:09-CV-913, Dkt. No. 34, at 250-51). The Court reserves ruling on Movant's argument until a response is filed by the Government.

Second, Movant argues that her sentence was miscalculated because "investor losses were not directly caused by [her]." (1:09-CV-913, Dkt. No. 34, at 252-53). Movant's allegations are conclusions rather than statements of fact and are not supported by the record, motion, or exhibits. (1:04-CR-165, Dkt. Nos. 470-78, 513-22, 639).

Third, Movant argues that the total amount of losses and restitution were miscalculated. (1:09-CV-913, Dkt. No. 34, at 254). The Court reserves ruling on this argument until a response is filed by the Government.

Fourth, Movant argues that her sentence was unconstitutionally disproportionate when compared with other similar cases. The Court reserves ruling on this argument until a response is filed by the Government.

Fifth, Movant argues that the Court's use of the Sentencing Guidelines adopted in 2004 violated the Ex Post Facto provision of the Constitution. The Court reserves ruling on this argument until a response is filed by the Government.

Sixth, Movant disputes the accuracy of the facts stated in the Pre-Sentence Report. (1:09-CV-913, Dkt. No. 34, at 259-61). Under Rule 32(i)(3)(B) of the Federal Rules of Criminal Procedure, "the court . . . must – for any disputed portion of the presentence report or other controverted matter – rule on the dispute, or determine that a ruling is unnecessary either because the matter will not affect the sentencing, or because the court will not consider the matter in sentencing." The thrust of Movant's argument is that the facts determined by the jury to be proven beyond a reasonable doubt are actually untrue. It is the function of the jury to determine "whether the prosecution has proved each element of an offense beyond a reasonable doubt." *Oregon v. Ice*, 555 U.S. 160, 160 (2009). Movant's arguments that determinations made by the jury were not actually proven to be true beyond a reasonable doubt will be dismissed for being without merit. All other issues Movant raises with the Pre-Sentence Report are factual issues she has raised elsewhere in her brief. The Court will consider all arguments Movant raises that have merit, but will not repeat analysis of those same issues with regard to the Pre-Sentence Report as this would result in unnecessary cumulative rulings.

Seventh, Movant argues that the amount of restitution sentenced was improper. The Court reserves ruling on this argument until a response is filed by the Government.

Eighth, Movant argues that the total amount of restitution to be paid to the I.R.S. was miscalculated. The Court reserves ruling on this argument until a response is filed by the Government.

Ninth, Movant again alleges that the Court was biased against Movant. Movant specifically alleges the Court was biased against Movant because of Movant's religious beliefs or affiliations. Movant also alleges Court and Government collusion. These arguments are again not supported by the record, motion, or exhibits and are without merit.

Tenth, Movant argues that certain F.B.I. files, which Movant calls "302's," were improperly withheld from her, and that these files show that Agents Flink and Moore committed perjury. (1:09-CV-913, Dkt. No. 34, at 273-74). The Court reserves ruling on this argument until a response is filed by the Government.

## Ground Twenty-Four

Movant's twenty-fourth ground in support of her § 2255 motion alleges that the transcript of the trial proceedings was tampered with. Movant asserts this alleged tampering prevented a fair review of her case. Movant's twenth-fourth ground is without merit.

Movant contends that the transcript does not reflect what she remembers occurring at trial. Additionally, Movant requests the Court to infer transcript alteration from witness testimony that Movant claims is incongruent with subsequent witness testimony about the

same subject matter. Movant's arguments represent conclusions rather than statements of fact. Movant's arguments are not supported by the record, motion, or exhibits. Movant cites no evidence of transcript tampering, other than her contentions that the transcript doesn't reflect what she remembers occurring at trial. The Court finds Movant's claim incredible and unsupported.

## Ground Twenty-Five

Movant's twenty-fifth ground in support of her § 2255 motion presents three arguments: (1) Movant's right to a public trial was violated when the jury selection process limited admittance to those who were a witness or an investor, (2) the Court had improper ex parte communications with the jury, and (3) Movant suffered prejudicial error when the Court ordered an anonymous jury. The Government will be directed to respond to all three arguments listed within Movant's twenty-fifth ground.

## Ground Twenty-Six

Movant's twenty-sixth ground in support of her § 2255 motion alleges that Movant's Court appointed counsel for appeal, Melvin Houston, acted collusively with the Court and Government, and was ineffective in representation, violating her right to Due Process. The Court reserves ruling on this ground until a response is filed by the Government.

## Ground Twenty-Seven

Movant's twenty-seventh ground in support of her § 2255 motion involves two arguments: (1) the Government acted fraudulently, interfered with the defense, and harassed

Movant, and (2) Movant's legal research, papers, and trial records were improperly confiscated. Argument one is without merit and the Government will be directed to respond to argument two.

First, Movant alleges more instances of prosecutorial misconduct. Movant's arguments regarding prosecutor fraud, interference, and harassment are conclusions rather than statements of fact. They are not supported by the record, motion, or exhibits, and are actually contradicted by the record. Accordingly, these arguments are without merit.

Second, Movant alleges that her legal research, papers, and trial records were improperly confiscated. Further, Movant alleges the Court violated her constitutional right to access the courts. The Court reserves ruling on these arguments until a response is filed by the Government.

## Ground Twenty-Eight

Movant's twenty-eighth ground in support of her § 2255 motion alleges the Court of Appeals acted improperly resulting in a violation of her Due Process. Movant also makes more allegations of collusion and ineffectiveness by her court appointed counsel, Melvin Houston. The Court reserves ruling on Movant's twenty-eighth ground until a response is filed by the Government.

## Ground Twenty-Nine

Movant's twenty-ninth ground in support of her § 2255 motion alleges that the Court did not properly apply the tax code to her, that the Court applied additional penalties after

final judgment, and that Movant actually owes no taxes for the years 1999 through 2001. These allegations are not supported by the record, motion, or exhibits. Movant's arguments are conclusions, rather than statements of fact, and are contradicted by the record. Accordingly, Movant's twenty-ninth ground is without merit.

**Ground Thirty**

Movant's thirtieth ground in support of her § 2255 motion alleges that the cumulative effect of the previous twenty-nine grounds amount to a violation of Movant's right to Due Process. The Court reserves ruling on this ground until a response is filed by the Government.

IV.

An order will be entered consistent with this opinion.


Dated: <u>March 30, 2011</u>                    <u>/s/ Robert Holmes Bell</u>
                                                ROBERT HOLMES BELL
                                                UNITED STATES DISTRICT JUDGE